928 F.2d 407
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George A. FORTINO and Sandra L. Fortino, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-3637.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 11, 1991.
Decided March 15, 1991.
 
 Appeal from the Tax Court of the United States, No. 6647-88, Arthur L. Nims, III, Judge.
 USTC
 AFFIRMED.
 Before FLAUM, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 George and Sandra Fortino commenced this case in the Tax Court in 1988. The dispute arises out of a tax shelter. The case was held in abeyance while other litigation concerning the tax shelter proceeded. After the Tax Court entered its decision in that case, Brock v. CIR, 58 T.C.M. 826 (1989), the Fortinos consented to the entry of judgment. Then they appealed to this court. The Commissioner asks us to affirm, on the ground that a party may not appeal from a judgment entered by his consent. E.g., Swift & Co. v. United States, 276 U.S. 311, 316-17, 324 (1928).
 
 
 2
 The taxpayers oppose this motion on the ground that their consent dealt only with matters of form. They wish to argue, it appears, that Brock was wrongly decided. They did not express any such reservation in the Tax Court, however. The judgment is unqualified. For all the record reveals this judgment is a settlement, in which the parties compromised their dispute in the wake of Brock or acceded to the force of its reasoning.
 
 
 3
 We do not question the taxpayers' position that once a court renders a decision, the parties may consent to the remedy or the form of the judgment without putting at risk their ability to obtain review of the merits. That is not what happened here, however. These taxpayers were not parties in Brock. There has been no adjudication on the merits. There is in this case absolutely nothing other than the naked judgment, to which the taxpayers consented. Following Swift, we go no further.
 
 
 4
 AFFIRMED.